# Exhibit 28

| | |
|---|---|
| **From:** | Wells, Peter |
| **Sent:** | Friday, August 02, 2013 4:34 PM |
| **To:** | 'Jérôme LHOTE' |
| **Cc:** | John H. van Merkensteijn, III; Matthew Stein; Richard Markowitz; Adam Larosa; Ben-Jacob, Michael |
| **Subject:** | RE: Pension Plans |
| **Attachments:** | Memo - Pension Plan Issues.DOCX; Structure Charts for Memo.PPTX |

All,

Attached is the revised memo with Jerome's additions. We can wait for John to return to schedule a call to discuss this further, or if the group would like to move this along in his absence we can schedule something in the interim. If you would like to set up a call for next week let us know.

Regards,
Peter


\*\*\*
IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Peter Wells
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8662 | F: +1 212.836.6447
peter.wells@kayescholer.com | www.kayescholer.com


This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.

**From:** Jérôme LHOTE [mailto:jlhote@argremgt.com]
**Sent:** Wednesday, July 31, 2013 10:38 AM
**To:** Wells, Peter
**Cc:** John H. van Merkensteijn, III; Matthew Stein; Richard Markowitz; Adam Larosa; Ben-Jacob, Michael
**Subject:** Re: Pension Plans

I think we should add the following points:

- are the plan tax exempt under US tax laws not just the treaties
- to what extent are they Subject to ERISA
- regarding what the plans activities, is it possible for the plan to invest into a business a beneficiary is an investor in as long as he is not a controlling shareholder and does not derive remuneration from the investment of the pension plan
- loans from the pension plan, what happen to the limitation to borrow no more than 50,000 dollars if you are the beneficiary of more than one plan, is the 50,000 limit for all plans you are a beneficiary of or can it be cumulated?
- what happen to a plan where there is no more contribution ? Is there a minimum activity required for the plan to be a good plan.



CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00223633

Jérôme LHOTE
Argre Management LLC
Tel: +1 917 640 9365

On Jul 30, 2013, at 10:49 PM, "Wells, Peter" <Peter.Wells@kayescholer.com> wrote:

> All,
>
> As you may know, John has been discussing with Michael the idea of reducing to writing, either in a memo or as a formal legal opinion, our advice related to the ex-dividend trades. As a first step in this process we have put together the attached short working memorandum (along with the accompanying charts showing the current active structures) which memorializes the core questions that we have addressed in this matter. We think the attached memorandum fairly captures the core active issues that we have discussed, but obviously any additional issues can be added to extent you think they should be addressed.
>
> Further to the attached, Michael would to set up a call for next week to discuss the issues in the memo further (along with any additional issue to be added) and focus on which questions, if any, should be addressed more formally.
>
> Regards,
> Peter
>
>
>
> ***
> IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.
>
> Peter Wells
> <image001.png>
> 425 Park Avenue | New York, New York 10022
> T: +1 212.836.8662 | F: +1 212.836.6447
> peter.wells@kayescholer.com | www.kayescholer.com
>
>
> This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8662) and delete the message, along with any attachments, from your computer. Thank you.
>
> <Memo - Pension Plan Issues.DOCX>
> <Structure Charts for Memo.PPTX>

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                                    WH_MDL_00223634

**KAYE SCHOLER LLP**

Michael Ben-Jacob
212.836.8310
michael.ben-jacob@kayescholer.com@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212.836.8000
Fax 212.836.6310
www.kayescholer.com

**Working Draft - For
Discussion Purposes Only**

## MEMORANDUM

| | |
|---|---|
| **TO:** | John H. van Merkensteijn, III
Matthew R. Stein
Jerome Lhote
Richard Markowitz
Adam LaRosa |
| **FROM:** | Michael Ben-Jacob |
| **DATE:** | August 2, 2013 |
| **SUBJECT:** | Pension Plan Trading |

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT COMMUNICATION

As we discussed, this memo briefly summarizes some of issues we have addressed with respect to the pension plan trading activities through the structures outlined in the attached charts. While we recognize that there may be significant overlap in the various topics and issues we have addressed, for simplicity we have divided up the questions into three general topics: (a) tax related; (b) pension related; and (c) investment adviser/commodities futures/securities related.

**KAYE SCHOLER LLP**

John H. van Merkensteijn, III
Matthew R. Stein
Jerome Lhote                                            - 2 -                                      August 2, 2013
Richard Markowitz
Adam LaRosa

A.   **Tax Related.**

   **Pension Structures**

   1. Does the plan qualify for the tax exemption under the applicable treaty under the definition of a "pension" within the meaning of the treaty?

   2. Does the transaction create FBAR reporting requirements for any of the individuals/entities involved? Does it give rise to a requirement to file other tax related forms with respect to the transaction?

   **Ezra Structure**

   1. Who is the owner of the account/profit for U.S. tax purposes?

   2. Is the fee paid to the charity "UBTI"?

   3. What is the impact of the fee on the charity's U.S. tax-exempt status under Section 501(c)(3), and would the disqualification of the charity's tax exempt status preclude the ability to claim refunds on a retroactive basis?

B.   **Pension Related**.

   1. What are the plan qualification requirements of Section 401 of the Code and do the plans qualify as tax exempt under the Code?

   2. Whether and to what extent are the plans Subject to ERISA?

   3. Would any of the individuals/entities or other service providers in the transaction be considered "fiduciaries" in relation to the pension plans and thus call into play the prohibited transaction rules?

   4. If the prohibited transaction rules apply in the context of the transaction what are the consequences?

**KAYE SCHOLER LLP**

John H. van Merkensteijn, III
Matthew R. Stein
Jerome Lhote                                    - 3 -                                    August 2, 2013
Richard Markowitz
Adam LaRosa

5. Would any of the individuals/entities in the transaction be considered "disqualified individuals" for ERISA purposes?

6. Is the return to the plan "reasonable" in light of the facts and circumstances at play, and in relation to other similar arrangements in the market place?

7. With respect to plan's activities, is it possible for the plan to invest in a business in which a plan beneficiary is also an investor in as long as he or she is not a controlling shareholder and does not derive remuneration from the investment of the plan?

8. What are the limitations, if any, with respect to a plan making a loan to a beneficiary of that plan? Are loans to a beneficiary from multiple plans aggregated?

9. What happens if contributions to a plan cease? Is there a minimum activity required for the plan to be a good plan?

10. What are the controlled group rules affecting tax-qualified retirement plans at play in this context?

C. **Investment Adviser/Commodities Futures/Securities Related**.

1. Is the transaction covered by the CFTC as a result of the single stock future hedge?

2. Would any individual/entity in the transaction be considered a commodity pool operator under the CFTC?

3. Is there an exemption for any individual/entity from being considered a commodity pool operator?

4. Where there was a swap component: Would any individual/entity in the transaction be considered a Swap Dealer or a Major Swap Participant for purposes of Dodd-Frank?

**KAYE SCHOLER LLP**

John H. van Merkensteijn, III
Matthew R. Stein
Jerome Lhote                                    - 4 -                                    August 2, 2013
Richard Markowitz
Adam LaRosa

5. Would any individual/entity in the transaction be deemed to be a "dealer" subject to registration under Section 15(a) of the 1934 Act?

6. If it were determined that any individual/entity in the transaction is acting as an unregistered dealer, what are the potential consequences to the parties involved?

7. Is the transaction covered by the Investment Advisers Act such that an individual/entity in the structure needs to register as an investment adviser?

8. If the transaction were covered by the Investment Advisers Act such that an individual/entity in the structure needs to register as an investment adviser and fails to do so, what are the consequences?

9. What, if any, issues arise under any other reporting or compliance regime that we are aware of, such as the Patriot Act (or other anti-money laundering statutes), TIC filings, or FATCA?

\* \* \* \* \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

end

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                                WH_MDL_00223638



CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER   WH_MDL_00223639



CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER      WH_MDL_00223640



3

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                              WH_MDL_00223641



CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00223642



CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00223643