# Exhibit 15
# Part 1

*Can we discuss* [handwritten]

**Wells, Peter**
___

| | |
|---|---|
| From: | Ben-Jacob, Michael |
| Sent: | Wednesday, April 25, 2012 2:34 PM |
| To: | Richard Markowitz |
| Cc: | Adam Larosa; Jérôme LHOTE; John H. van Merkensteijn, III; Matthew Stein; Wells, Peter |
| Subject: | Bank Regulatory and Tax Compliance Requirements |
| Categories: | RETAIN |

Rich, here is the summary. I need to run out of the office now but will be back a bit before 4pm. Let me know if you would like to discuss further today and I will call upon my return to the office.

1. <u>Form TIC-SLT</u> -- requires that U.S. persons (which includes partnerships and corporations) report on a monthly basis (a) all investments in foreign securities for their own portfolios or for the portfolios of their clients that are not held by U.S. resident custodians, as well as (b) all of their own securities that are held by foreign resident investors (other than through U.S. resident custodians). The reporting requirement threshold does not begin until the U.S. resident's investment is equal to, in the aggregate, $1 billion on the last business day of the reporting month. Once the threshold is met for one month, however, the report must be filed for each month thereafter for the balance of the calendar year. The form is due on the 23rd day following the last business day of the month.

    The $1 billion threshold is met when the "fair value" as defined in ASC 820 (Formerly FAS 157) on the last business day of each month reaches that amount, denominated in US dollars using the "spot exchange rate" as of the close of business on the last day of the month rounded to the nearest million. In addition, the instructions are clear that "all securities should be reported using settlement date accounting." So, taking a plain meaning of the words, I would conclude that we would NOT look to the trade date in determining whether the filing threshold is met.

    In our context, the "end investor" has the reporting obligation. <u>The "end investor" is an entity or person that is trading for its own account or that invests on behalf of others</u>. In the first instance this appears to the partnership and Ezra. There does not appear to be any indication in the instructions or other materials that suggest that one would look through the LP to impose a filing obligation on the IRA or GP. In fact, one example provided in the instructions concludes that were an pension or retirement plan invests in an on-shore US hedge fund which in turn conducts the requisite trades, the pension has no reporting requirement. Ours is not an investment in a fund as such, but I think investment in a partnership should be substantively the same. In addition, there are consolidation rules which would apply if, for example, the partnership had two subsidiaries with $600 million of trading in each the value of trading in the two entities would be combined and the threshold met. These consolidation rules don't seem to apply, however, at the level of the partnership interest holders nor, more importantly under our structure, to the swap counterparties. In other words, it does not appear to be the case that, for example, because there is significant commonalty of ownership between the two swap counterparties and the partnerships we would combine the holdings of the two partnerships to determine whether the threshold has been met. In addition, there is nothing that indicates that the swap counterparties— who are the tax owners of the shares under US tax principles—would be deemed to be the reporting parties. In summary, I take the view that it is the partnership and Ezra that must report. A little less clear is whether the GP of the partnership has a separate reporting requirement. But if we want to be cautious we can file for it too; the form will be identical to that one prepared by the partnership in any case.

1

DEFENDANTS' EXHIBIT
DX3264
Case No:18-MD-2865 (LAK)

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323687

DX3264, page 1 of 84

As to the securities lending portion of the transaction – the securities lent should be reported as if held by the lender (the partnership/Ezra) continuously, i.e., as if never lent. In addition, if we receive cash as collateral for our securities lent (which I understand will be the case) and such cash is used to purchase securities, those securities should also be reported. If, however, we receive securities as collateral instead of cash we would not report the securities received as collateral.

In terms of what is reported: as an "end investor", in addition to value, the partnerships and Ezra must list the country and geographical area in which the foreign resident issuer.

A miscellaneous point: each reporting entity must include an "RSSD-ID" number. We will need to contact the Federal Reserve Bank of NY to obtain a number.

2. <u>TIC B</u> -- not required. It is required only of banks, depository institutions, security brokers and dealers, and Bank and Financial Holding Companies.

3. <u>TIC CQ-1</u> -- may be required. It is filed quarterly and reports certain financial liabilities to, and claims on, foreign residents to the extent that those liabilities or claims equal or exceed $50 million on the last business day of each quarter (first relevant to us on June 29th) and are due within 30 days. The threshold is determined based on the face value of the instrument denominated in US dollars using the "spot exchange rate" as of the close of business on the last day of the quarter rounded to the nearest million. Once the threshold is met forms are required for the balance of the year. The liabilities/claims that would be reported here would be the Aquila loan (reported as both a liability and a claim) and margin balances. There is some language in the form that suggests that the IRA, because it owns more than 50% of the partnership, would be the reporting entity for this purpose. I will need to track down the requirement here.

4. <u>TIC CQ-2</u> – probably not required. It is filed quarterly and reports certain commercial liabilities and claims with foreign parties which arise as between sellers and customers for the purchase and sale of goods and services in the normal course of business. But this would apply on if your fees to non-US persons in the aggregate meet or exceed $25 million. Even including any fee paid to Solo, trading costs, and ancillary fees to non-US legal firms, etc., I would be surprised to learn that this threshold is met. If it is or might come close, let me know and I will assess the form more closely.

    → Forwards ?

5. <u>TIC D</u> -- not required. This form reports certain derivative contracts with non-US counterparties and specifically excludes short sales from the type of transactions that are reportable.

6. <u>TIC S</u> -- required. This form seems nearly identical to the SLT form and is meant to report purchases for long security positions from foreign residents, but with a reporting threshold of $50 million at any time during the month. Here, we do not know who the counterparty is and whether they are foreign residents. In that case, since we are trading on a foreign exchange, the foreign exchange itself is deemed the counterparty. This form is due 15 calendar days after the last business day of the month.

7. <u>SHL and SHLA</u> – not required unless requested by the Federal Reserve and applies only to issuers and custodians. The former is due annually and latter every five years.

8. <u>SHC</u> -- reports foreign securities holdings if (i) requested by the Federal Reserve, or (ii) the holdings equal $100 million or more as <u>of December 31</u>$^{st}$. This will not be applicable to the current transaction but should be kept in mind for future transactions. If required, the form is due the first Friday in March. Related form SHCA is required only if requested by the Federal Reserve.

9. <u>TFC (1, 2 and 3)</u> -- Not required. The first two report certain foreign currency or exchange contracts at $50 billion or more, and the last form is for such contracts at $5 billion or more.

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323688

DX3264, page 2 of 84

10. <u>TIC B (series)</u> -- not required. Filed by depository institutions and broker-dealers.

11. <u>Bureau of Economic Analysis Forms (BE-11 series)</u> -- not required. Applies only if we have a foreign affiliate (entity owned or controlled by a US entity).

Also, we have looked further into the issues relating to the tax reporting requirements for your IRA with respect to the investment into the partnership. As we previously discussed, there are three applicable reporting forms to consider in this regard: (i) Form TD F 90-22.1 (FBAR); (ii) Form 8938 (the new form that requires reporting of interests in specified foreign financial assets). Here is the summary of our conclusions:

The only reporting requirement for the Solo transaction will be the FBAR form. In this case, both the LP and your IRA will have separate FBAR filing requirements. The LP as a U.S. person that is the owner of record of a foreign account will have its own FBAR filing requirement. In addition, your IRA as the owner of a greater than 50 percent interest in the LP, which in turns owns a foreign account, will have a separate FBAR filing requirement. There may be a position that the FBAR for the LP can be consolidated into the IRA's FBAR filing, but the rules are not particularly clear on this point and, as a result, we recommend filing both FBARs separately.

Form 8938 does not currently require reporting of foreign financial assets held through domestic entities (unless the foreign assets are held through a U.S. disregarded entity or U.S. grantor trust). While Treasury has indicated that domestic entity level reporting under the Form 8938 is on the horizon no such requirement has yet been issued.

mbj


\*\*\*

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Michael Ben-Jacob
KAYE SCHOLER LLP
425 Park Avenue | New York, New York 10022
T: +1 212.836.8310 | F: +1 212.836.6310
michael.ben-jacob@kayescholer.com | www.kayescholer.com


This message may contain confidential and/or legally privileged information from the law firm Kaye Scholer LLP. If delivered to anyone other than the intended recipient, please notify the sender immediately by return email or by telephone (+1 212.836.8310) and delete the message, along with any attachments, from your computer. Thank you.

# I. INTRODUCTION

## A. PURPOSE AND NOTICE UNDER PAPERWORK REDUCTION ACT

The purpose of the TIC Form SLT report is to gather timely and reliable information from U.S.-resident reporters on foreign-resident holdings of long-term U.S. securities and on U.S.-resident holdings of long-term foreign securities. This information is needed for preparation of the U.S. Balance of Payments accounts and the U.S. international investment position, and in the formulation of U.S. international financial and monetary policies.

No person is required to respond to any U.S. government collection of information unless the form displays a currently valid control number assigned by the Office of Management and Budget (OMB). TIC Form SLT report has been reviewed and approved by OMB under control number 1505-0235.

The Treasury Department has estimated the average burden associated with the collection of information on each TIC Form SLT report per respondent, but this will vary widely across respondents: an overall average burden of 8.8 hours per respondent per filing, based on seventeen hours for each custodian and six and one half hours for each other respondent. These estimates include the time it will take to read the instructions, gather the necessary facts and fill out the forms. Comments regarding the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Office of Global Economics, U.S. Treasury Department, Washington, D.C. 20220, Attention International Portfolio Investment Data Systems; or the Office of Management and Budget, Paperwork Reduction Project (1505-0235), Washington, D.C. 20503.

## B. AUTHORITY

The filing of the TIC Form SLT report as set forth in Part II.A is required by law (22 U.S.C. 286f; 22 U.S.C. 3103; E.O. 11961; E.O. 10033; 31 C.F.R. 128.1 (a)). Failure to report can result in a civil penalty of not less than $2,500 and not more than $25,000. Willful failure to report can result in criminal prosecution and upon conviction a fine of

1

not more than $10,000; and upon conviction of an individual, imprisonment for not more than one year, or both. Any officer, director, employee, or agent of any corporation who knowingly participates in such violation may, upon conviction, be punished by a like fine, imprisonment, or both (22 U.S.C. 3105 (a), (b) and (c); 31 C.F.R. 128.4 (a) and (b)).

C. CONFIDENTIALITY STATEMENT

The TIC Form SLT report is filed with the Federal Reserve banks in their capacity as Treasury's fiscal agents, as further described in Part II. Data reported on this form will be held in confidence by the Department of the Treasury, the Board of Governors of the Federal Reserve System, and the Federal Reserve Banks acting as fiscal agents of the Treasury. The data reported by individual respondents will not be published or otherwise publicly disclosed; information may be given to the Board of Governors of the Federal Reserve System and to other Federal agencies, insofar as authorized by applicable law (44 U.S.C. 3501 et seq.; 22 U.S.C. 3101 et seq.). Aggregate data derived from reports on this form may be published or otherwise publicly disclosed only in a manner that will not reveal the amounts reported by any individual respondent.

D. RELATIONSHIP TO OTHER TIC STATISTICAL REPORTS

1. The TIC B Forms are filed by all U.S.-resident banks and other depository institutions, securities brokers and dealers, and Bank Holding Companies/Financial Holding Companies (BHC/FHC). (However, the positions of insurance underwriting subsidiaries of BHCs/FHCs are excluded from the TIC B Forms and included in the TIC C Forms.) On the TIC B Forms these entities report their short-term securities or non-securities positions with foreign residents, including foreign affiliates. Also reported on the TIC B Forms are certain positions of the customers of TIC B reporters; TIC C reporters who are customers of these TIC B reporters should not report these positions to avoid double counting.

2. The TIC C Forms are filed by all U.S. entities other than depository institutions, Bank Holding Companies/Financial Holding Companies (BHCs/FHCs), and securities brokers

2

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323691
DX3264, page 5 of 84

and dealers. (As an exception, the positions of insurance underwriting subsidiaries of BHCs/FHCs are excluded from the TIC B reports and reported by the BHCs/FHCs for the underwriting subsidiaries on the TIC C reports.) On the TIC C Forms, these entities report positions with unaffiliated foreign-resident entities that are either short-term securities or non-securities.

3. The TIC D Form is filed by all major U.S.-resident participants in derivatives markets. This form is designed to obtain data on holdings of, and transactions in, financial derivative contracts with foreign residents. Data are collected in aggregate form to facilitate timely reporting.

4. The TIC S Form is filed by all U.S.-resident entities that purchase (or sell) long-term securities directly from (or to) foreign residents. This form is designed to obtain data on foreigners' purchases and sales of all long-term securities (including equities and shares of mutual funds). Data are collected in aggregate form to facilitate timely reporting.

5. To improve the accuracy of the TIC system and collect information on positions in securities, detailed security-by-security data are collected on a less frequent basis. Two data collection systems are used:
   a. Foreign Holdings of U.S. Securities, Including Selected Money Market Instruments (Form SHL) - Approximately every five years, all significant U.S.-resident custodians of short-term debt, long-term debt, and equity securities are required to provide detailed security-by-security information on foreign holdings of U.S. securities. Also required to report are significant U.S. issuers of bearer bonds and U.S. issuers of securities that are held by foreigners but not through U.S. custodians. In the years between these benchmark surveys, the largest of these reporters are required to submit this security-by-security information annually (Form SHLA).
   b. U.S. Ownership of Foreign Securities, Including Selected Money Market Instruments (Form SHC) - Approximately every five years, all significant U.S.-resident custodians of foreign securities and U.S.-resident end-investors holding

3

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323692

DX3264, page 6 of 84

securities without using U.S.-resident custodians are required to report detailed security-by-security information on their holdings of foreign securities. In the years between these benchmark surveys, the largest of these reporters are required to submit this security-by-security information annually (Form SHCA).

6. The Treasury Foreign Currency (TFC) Forms are designed to obtain data on the assets, liabilities, and forward positions of large U.S.-resident institutions (both banking and non-banking) in specified foreign currencies.

7. Direct Investment- Data on cross-border Direct Investment are collected by the Bureau of Economic Analysis, U.S. Department of Commerce. The data collections are designed to obtain comprehensive data on the transactions and positions between affiliated U.S. and foreign companies ("multinational companies"), and on the overall operations of multinational companies. (See Direct Investment in the Glossary.)

4

## II. GENERAL INSTRUCTIONS

For purposes of the TIC Form SLT report and these instructions, terms used may be further defined in the Glossary. Questions regarding these instructions or the TIC Form SLT report should be directed to the Federal Reserve Bank where the report is filed.

### A. WHO MUST REPORT

*[handwritten: "we are probably not"]* *[handwritten: "we are Not"]*

All U.S. persons (defined in the Glossary) who are U.S.-resident custodians (including U.S.-resident central securities depositories), U.S.-resident issuers or U.S.-resident end-investors (as described below) and who meet or exceed the reporting threshold set forth in Section II.C Exemption Level must file the TIC Form SLT report.

*[handwritten: "we are"]*

1. U.S-resident custodians include the following:
    a. U.S.-resident custodians must report in Part A all U.S. securities that they hold in custody (or manage the safekeeping of) for the account of foreign residents (including their own foreign branches, subsidiaries, and affiliates) and all foreign securities they hold in custody (or manage the safekeeping of) for the account of U.S. residents; and report in Part B all foreign securities they hold for their own account (even if the foreign securities are then transferred to a foreign-resident custodian for safekeeping).

    b. U.S.-resident central securities depositories, must report in Part A all U.S. securities they hold in custody (or manage the safekeeping of) <u>directly</u> on behalf of foreign residents with which they have established direct relationships, including foreign-resident brokers, dealers, exchanges, and central securities depositories.

2. U.S.-resident issuers include the following:
    U.S.-resident issuers must report in Part B all securities issued by the U.S.-resident units of their entity directly to foreign residents, including:
    a. Registered securities that are owned by foreign residents for which neither a U.S.-resident custodian nor a U.S.-resident central depository is used (transfer or paying agents should be able to provide the U.S.-resident issuer this

5

information.);

b. Book-entry securities that are held at a foreign-resident central securities depositories;

c. Bearer securities; and

d. Shares or other units or other equity interests issued directly to or placed with foreign residents (e.g.: a U.S.- based master fund issues shares to foreign feeder funds; limited partners' interests in limited partnerships)

3. U.S.-resident end-investors include the following:

U.S.-resident end-investors must report in Part B all investments in foreign securities for their own portfolio or for the portfolios of their U.S. clients, that **are not held** by U.S.-resident custodians. These securities include those that are held-for-trading, available-for-sale, held-for-maturity, or which have been invested on behalf of others such as by managers of mutual funds, insurance companies, and pension funds as well as investment managers/advisors and fund sponsors. Collectively, such investors are referred to as "end-investors" throughout these instructions. U.S.-resident end-investors include, but are not limited to:

- Financial and non-financial organizations;
- Managers of private and public pension funds;
- Managers of mutual funds, country funds, unit-investment funds, exchange-traded funds, collective investment trusts, or any other similarly pooled, commingled funds. Also investment managers/advisors and fund sponsors of private equity companies, venture capital companies, hedge funds and other private investment vehicles.
- Insurance companies;
- Foundations;
- Institutions of higher learning (i.e., university endowments);
- Trusts and estates; and
- Funds and similar entities that own shares or units of, or other equity interests in a foreign related or non-related entity (For example: A U.S.-based

6

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323695

DX3264, page 9 of 84

feeder fund owning shares of an offshore-based master fund).

**If a reporting organization is an issuer and/or end-investor *and* a custodian (as described above), both Part A and Part B of the report form must be completed. (See Section III)**

B. <u>CONSOLIDATION RULES</u>

For purposes of this report, U.S.-resident entities, including bank holding companies (BHC) and financial holding companies (FHC) should consolidate all their subsidiaries including their international banking facilities (IBF), except for foreign-resident offices and subsidiaries, in accordance with U.S. GAAP. All other U.S.-resident entities that are not 50 percent or more owned by another U.S.-resident company, including BHCs and FHCs, should include all reportable securities for U.S.-resident parts of their organizations, including U.S.-resident branches and subsidiaries.

U.S. residents include entities organized under the laws of the Commonwealth of Puerto Rico or the U.S. territories. Please see the Glossary for the complete definition of United States. It is the responsibility of the U.S. parent entity in each organization to ensure that its report includes all applicable entities within its organization.

U.S.-resident trusts, variable interest entities (VIEs) and special purpose entities (SPEs) consolidated under U.S. GAAP should be consolidated. Equity interests in U.S.-resident funds that are managed by the reporting entity should be included unless U.S.-resident custodians other than the reporting entity are used.

U.S. branches and agencies of a foreign bank located in the same state and within the same Federal Reserve District should submit a consolidated report for these offices. U.S. branches and agencies of a foreign bank that are located in either different states or different Federal Reserve Districts, should submit separate reports.

[handwritten annotation: "Does their I.A need to file separately?"]

Investment advisors and managers should file one consolidated report of the holdings and issuances of all U.S.-resident parts of its own organization and of all U.S.-resident entities that they advise/manage.

7

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323696

DX3264, page 10 of 84

C. EXEMPTION LEVEL AND REPORTING FREQUENCY

The TIC Form SLT report exemption level is applied to the consolidated reportable holdings and issuances (positions) of reporting entities, which are U.S.-resident custodians, U.S.-resident issuers of U.S. securities, and U.S.-resident end-investors in foreign securities. For each reporting entity, the consolidated total of all reportable long-term U.S. and foreign securities has a total fair value equal to or more than the exemption level on the last business day of the reporting month. The exemption level is $1 billion. The consolidated total includes amounts held for a reporting entity's own account and for customers. The reporting entity should include reportable securities for all U.S.-resident parts of the reporting entity, including all U.S. subsidiaries and affiliates of the reporting entity and investment companies, trusts, and other legal entities created by the reporting entity. U.S.-resident entities include the affiliates in the United States of foreign entities. Reportable long-term securities include:

- U.S. securities whose safekeeping U.S.-resident custodians manage on behalf of foreign residents;
- foreign securities whose safekeeping U.S.-resident custodians manage on behalf of U.S. residents;
- U.S. securities that are issued by U.S.-resident issuers in the foreign market and are held directly by foreign residents, i.e., where no U.S.-resident custodian or U.S.-resident central securities depository is used by the U.S.-resident issuer; and
- foreign securities that are held directly by U.S.-resident end-investors, i.e., where no U.S.-resident custodian is used.

Once the consolidated total of all reportable long-term U.S. and foreign securities for a reporting entity has a total fair market value equal to or more than the exemption level on the last business day of a reporting month, the reporting entity must submit a report for that month. In addition, the reporting entity also must submit a report for each remaining month in that calendar year, regardless of the consolidated total of reportable

8

securities held in any subsequent month.

D. ACCOUNTING, VALUATION, AND CURRENCY CONVERSION RULES

1. Accounting Rules

All securities should be reported using settlement date accounting. Gross long positions should be reported. Do not net any short positions from long positions. Do not enter decimals or negative values.

2. Valuation of Securities

Report the fair value of securities as of the last business day of the month. The fair value follows the definition of ASC 820 (formerly FAS 157). U.S.-resident custodians should, at a minimum, report the fair value to the extent that it is available as part of the services provided to their customers, even if the price available is for a date prior to the last business day of the month. If there are questions about valuation, please contact the Federal Reserve Bank to which you report or the Federal Reserve Bank of New York staff at (212) 720-6300 or (646) 720-6300.

3. Foreign Currency Denominated Securities

Calculation of U.S. Dollar Values- If the security is not denominated in U.S. dollars, convert the foreign currency denominated fair value into U.S. dollars using the spot exchange rate as of close of business on the last business day of the month.

E. REPORTING THE LOCATION OF FOREIGN COUNTERPARTIES

1. Countries, Other Geographic Areas, and Organizations

Positions with foreigners should be reported for the country or geographical area in which the foreign-resident holder of U.S. securities resides and the country or geographical area in which the foreign-resident issuer of foreign securities resides. (Certain international and regional organizations also have codes assigned to them.) <u>Do not report positions based on the currency of denomination of the instrument, the country of the parent organization of the counterparty (i.e., nationality), the</u>

9

country of issuance of the instrument, or the country of a guarantor (i.e., ultimate risk). Please note – branches of U.S.-resident banks located outside the U.S. are foreign residents. U.S.-resident branches of foreign banks are U.S. residents.

2. Country Unknown

    The country unknown category is intended to capture securities that cannot be allocated to a particular country. Include in "Country Unknown" securities for which the holder (and hence, the country of residence) is not known. Certificated bearer bonds and global receipts should be reported in "Country Unknown" if the holder is unknown. If, however, bearer global receipts or other global securities are held by a central securities depository (CSD), directly or through an affiliated nominee company, then report the country of residence of the CSD or the nominee company that is the holder of record.

3. Determining Residency

    Counterparty residency is determined by the country of legal residence (e.g., the country of incorporation, or, for a branch, of license). For example:

    a. International and Regional Organizations (see Appendix C) are residents of the International and Regional Organizations areas, not the countries in which they are located. Note: Pension plans of international and regional organizations, if located in the United States, are U.S.-resident entities; therefore, any U.S. securities owned by these pension plans should be excluded from this report. Exception- Positions and transactions with the Bank for International Settlements (BIS), the European Central Bank (ECB), the Eastern Caribbean Central Bank (ECCB), the Bank of Central African States (BEAC), and the Central Bank of West African States (BCEAO), should each be reported opposite their name in the list of Foreign Economies and Organizations.

    b. Partnerships, trusts, and funds are residents of the country in which they are legally organized. For example, pension funds of International and Regional Organizations are residents of the country of residence of the pension fund.

10

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323699

    c. Banks, BHCs, FBOs, securities brokers and dealers, corporations and subsidiaries of corporations are residents of the country in which they are incorporated (not the country of the head office or primary operations).

    d. Bank branches are residents of the country in which they are licensed (not the country of the head office).

    e. Offices of foreign official institutions and embassies are residents of their parent country.

    f. Individuals are residents of the country in which they are domiciled.

    g. Entities or individuals that file an IRS Form W-8, indicating that they are foreign residents, are treated as such. Please note that there may be exceptions (such as Puerto Rico). However, if an IRS form is not available, the mailing address can be used to determine residency.

F. **WHAT MUST BE REPORTED**

*[Handwritten margin note: Direct Investment = 10% of voting company. But then must file BEA forms.]*

The TIC Form SLT report collects monthly data on cross-border ownership by U.S. and foreign residents of long-term (original maturity of more than one year or no contractual maturity) securities for portfolio investment purposes. If the investment is not direct investment, then it will fall into the category of portfolio investment and needs to be reported as part of the TIC system. (See Glossary for definitions of portfolio investment and direct investment.)

Reportable long-term portfolio securities include:

1. Securities issued by U.S. residents that are owned by foreign residents, including U.S. equities, U.S. debt securities, U.S. asset-backed securities, and U.S. equity interests in funds.

Securities are considered to be owned by foreign residents if, according to the reporter's records, the holder of record is not a resident of the United States. In addition, all outstanding bearer bonds are considered to be owned by foreign residents and should be reported by the U.S.-resident issuer. Bearer bonds should

11

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323700

DX3264, page 14 of 84

also be reported by U.S.-resident custodians, but only if the reporter's records indicate a foreign-resident owner, foreign-resident custodian or foreign-resident central securities depository.

2. U.S.-resident holdings of foreign securities, including foreign equities, foreign debt securities and foreign asset-backed securities.

Foreign securities include all securities issued by entities that are established under the laws of a foreign country (i.e., any entity that is legally incorporated, otherwise legally organized, or licensed (such as branches) in a foreign country) and all securities issued by international or regional organizations, such as the International Bank for Reconstruction and Development (IBRD or World Bank), and the Inter-American Development Bank (IADB), even if these organizations are located in the United States.

> *Exception:* Foreign securities held by a U.S. depository to back depositary receipts/shares should not be reported. Instead, the holders of the depositary receipts/shares should report the receipts/shares. This exception is necessary to identify the portion of depositary receipts/shares actually held by U.S. residents, since many depositary receipts/shares are held by foreign residents.

Reportable securities may be traded or issued in the United States and in foreign countries, and may be denominated in any currency, including Euros and U.S. dollars. Neither the country in which the securities are traded or issued, nor the currency in which the securities are denominated, is relevant in determining whether the securities are reportable.

Reportable long-term securities include, but are not limited to:

Equity Interests:

- Common stock;
- Preferred stock (participating and nonparticipating preference shares);
- Restricted stock;

12

- Depositary receipts/shares (See Section II.G);
- Equity interests in funds and equivalent investment vehicles (See Section II.G);
- Limited partnership interests and equity interests in other entities that do not issue shares/stock; and
- All other equity interests, including privately placed interests and interests in private equity companies and venture capital companies.

Long-term Debt Securities:

- Debt, registered and bearer, including bonds and notes (unstripped and stripped) and bonds with multiple call options;
- Convertible bonds and debt with attached warrants;
- Zero-coupon debt and discount notes;
- Index-linked debt securities (e.g., property index certificates);
- Asset-backed securities (ABS);
- Floating rate notes (FRN), such as perpetual notes (PRN), variable rate notes (VRN), structured FRN, reverse FRN, collared FRN, step up recovery FR (SURF), and range/corridor/accrual notes; and
- All other long-term debt securities.

The following items/types of securities are specifically excluded:

- Short-term securities with **original maturity** of one year or less. Bank holding companies, depository institutions and brokers and dealers report these on the TIC B series forms and all other entities report these on TIC Form CQ-1. In addition, these are also reported on the TIC SHC(A) and TIC SHL(A) forms.
- Bankers' acceptances and trade acceptances

- Derivative contracts (including forward contracts to deliver securities) meeting the definition of a derivative under ASC 815 (formerly FAS 133). (Reportable only on the TIC Form D).
- Loans and loan participation certificates

13

- Letters of credit
- Precious metals, (e.g., gold, silver) and currencies held in the reporter's vaults for foreign residents.
- Bank deposits, including time deposits, short-term and long-term negotiable certificates of deposit, and demand deposits
- Annuities, including variable rate annuities
- Direct Investments. The following ownership holdings known to be direct investments should be excluded: See the Glossary for a complete definition of direct investment.
    - When a U.S. resident owns a direct or indirect voting interest of 10% or more in a foreign company; or a foreign resident owns a direct or indirect voting interest of 10% or more in a U.S. company.
    - When U.S. resident (foreign resident) owns equity securities of a foreign company (U.S. company) with which the U.S. resident (foreign resident) is in a direct investment relationship.
    - Securities taken in as collateral and securities received in repurchase/resale (reverse repurchase) agreements and security lending agreements. These transactions are considered borrowings collateralized by the underlying securities. Banks and broker/dealers should report the funds from these loans on the TIC B series forms; other entities should report these on TIC Form CQ-1.

G. HOW TO REPORT

1. Funds and Related Equity Holdings and Ownership

    Ownership of shares/units of or other equity interests in funds and investment trusts should be reported as equities. The determination of whether holdings or ownership of fund shares are a U.S. or foreign security is based on the country in which the fund is legally established, not based on the residence of the issuers of the securities the fund purchases or the type of securities the fund purchases. For example, if a foreign resident owns equity interests in a fund organized in New York, these interests are reportable U.S. securities, regardless of whether the fund purchases foreign

14

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER

WH_MDL_00323703

DX3264, page 17 of 84

securities. Conversely, foreign-resident ownership of interests in "offshore" or other foreign-resident funds that purchase U.S. securities should not be reported. Funds include all investment vehicles that pool investors' money and invest the pooled money in one or more of a variety of assets. Funds include but are not limited to:

- Mutual funds (including closed-end and open-end mutual funds);
- Money market funds;
- Investment trusts;
- Index-linked funds;
- Exchange traded funds (ETFs);
- Common trust funds;
- Private Equity Funds; and
- Hedge funds.

For purposes of this report, the following funds and related equity ownership should be reported:

a. Foreign-residents' ownership of shares/units of funds and investment trusts legally established in the United States (U.S.-resident funds)
b. Ownership of U.S. securities by foreign-resident funds
c. Hedge funds and other alternative investments
    i. Investment advisors, managers or similar types of legal entities that create master-feeder funds both outside and inside the U.S. should report any investments between the U.S. and foreign-resident affiliate funds that the investment manager sets up; these investments are portfolio investments and should be reported in the TIC system.

### Example 1

A U.S. investment manager creates a Cayman Master Fund, a Cayman Feeder Fund and a U.S. Feeder Fund. The investments between the U.S. manager and the Cayman funds are direct investment since the investment manager controls

15

them. However, the investment that the U.S. feeder fund has in the Cayman Master Fund is portfolio investment and should be reported in the TIC system. Therefore, purchases and sales of the master fund shares by the U.S. feeder fund should be reported as transactions in foreign equity by the U.S. feeder fund on the TIC S and the U.S. feeder fund's investments in the foreign master fund should be reported by the U.S. feeder fund as ownership of foreign equity on the TIC SHC (A) and the TIC Form SLT report. If a U.S. custodian holds the foreign security, the U.S. custodian would have the reporting responsibility to report on the TIC SHC (A) and the TIC Form SLT report.

**Example 2**

A U.S. investment manager creates a U.S. Master Fund, a Cayman Feeder Fund, and a U.S. Feeder Fund. As in the example 1, the investments between the U.S. manager and the foreign feeder fund are direct investments. However, the investment that the foreign feeder fund has in the U.S. master fund is portfolio investment and should be reported in the TIC system. Purchases and sales of the master fund shares by the foreign feeder fund should be reported on the TIC S as transactions in U.S. equity by the U.S. master fund and the master fund should report the ownership of their shares by the foreign feeder fund as the issuer of the domestic security on the TIC SHL (A) and TIC Form SLT report. If a U.S. custodian holds the domestic security, the U.S. custodian would have the reporting responsibility to report on the TIC SHL (A) and TIC Form SLT report.

**Example 3**

A foreign investment manager sets up a Cayman Master Fund, a Cayman Feeder Fund, and a U.S. Feeder Fund. The investments between the foreign manager and the U.S. feeder fund are direct investment since the foreign manager controls the feeder fund. However, the investment that the U.S. feeder fund has in the foreign master fund is portfolio investment and should be reported in the TIC system. Purchases and sales of the master fund shares by the U.S. feeder fund should be reported on the TIC S as transactions in foreign equity and the U.S. feeder fund's

16

CONFIDENTIAL / PRIVILEGED - SUBJECT TO 502(d) ORDER                                                                          WH_MDL_00323705